mossey v. Shaw's Supermarkets          CV-96-2-SD     04/18/96
                    UNITED STATES DISTRICT COURT FOR THE

                       DISTRICT OF NEW HAMPSHIRE


Belynda J. Mossey

        v.                                    Civil No. 96-2-SD

Shaw's Supermarkets, Inc.


                           O R D E R


    Defendant Shaw's Supermarkets, Inc. (Shaw's) moves to
dismiss Count IV of the plaintiff's complaint.  Document 11.
Plaintiff has not filed an objection to the motion.


1.  Background

    Invoking the Americans with Disabilities Act of 1990, 42
U.S.C. § 12102, et seq.,[1] together with pendent state claims,
plaintiff Belynda J. Mossey asserts that she was discriminated
against and constructively discharged from her employment as a
cashier with Shaw's.  Count IV of her complaint seeks to ground
recovery on New Hampshire Revised Statutes Annotated (RSA) 354-A,

_____

        [1]Plaintiff claims affliction by reflex sympathetic
dystrophy, "a series of changes caused by the sympathetic nervous
system, marked by pallor or rubor, pain, sweating, edema, or
osteoporosis, following muscle sprain, bone fracture, or injuries
to nerves or blood vessels. . . ."  DORLAND'S ILLUSTRATED MEDICAL
DICTIONARY 520-21 (28th ed. W.B. Saunders Co. 1994).

known as "the law against discrimination."  Id. § 1.

Defendant contends that RSA 354-A (1) does not create a private right of action, and also contends that it (2) does not require that an employer make accommodation for the limitations of handicapped persons.  Finding that the first of these grounds is sufficient to grant the relief sought, the court does not consider the latter.[2]

## 2.  Discussion

### a.  The Motion to Dismiss Standard

The task of a court presented with a motion to dismiss filed under Rule 12(b)(6), Fed. R. Civ. P., "is necessarily a limited one.  The issue is not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims."  Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).  Thus, the court takes all of plaintiff's factual averments as true and indulges every reasonable inference in plaintiff's favor.  Talbott v. CR Bard, Inc., 63 F.3d 25, 27 (1st Cir. 1995); Dartmouth Review v. Dartmouth College, 889 F.2d 13, 16 (1st Cir. 1989).

---

[2]The court finds it unnecessary to and accordingly has not considered the attachments to the motion, and thus does not convert the motion to dismiss into a motion for summary judgment.

2

b.  RSA 354-A

As this court has had occasion to make clear in its prior rulings, RSA 354-A establishes an administrative process as a precursor to judicial review.  It does not create a private right of action for individuals aggrieved by unlawful discriminatory factors.  Tsetseranos v. Tech Prototype, Inc., 893 F. Supp. 109, 199-20 (D.N.H. 1995); Doukas v. Metropolitan Life Ins. Co., 882 F. Supp. 1197, 1200-01 (D.N.H. 1995).  Accordingly, the motion to dismiss as to Count IV of plaintiff's complaint must be granted.


3.  Conclusion

As there is no private right of action afforded in cases of the type here presented, defendant's motion to dismiss as to Count IV has been granted.

SO ORDERED.

_____
Shane Devine, Senior Judge
United States District Court

April 18, 1996
cc:  All Counsel

3